UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD G. REDMAN, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-5706 |
| ANNE FOLEY LESTELLE, ET AL | SECTION"C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendants SIRVA Relocation Company and Anne and Thomas Lestelle. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

On August 13, 2007, the plaintiffs, Donald Redman and Karen M. Redman, filed this suit in state court setting forth claims of breach of contract, fraud, unfair trade practices and negligent misrepresentation surrounding the 2006 purchase of a home from the defendants. The suit was removed on the basis of diversity. The defendants' motion seeks summary judgment on the issue of prescription. Specifically, the defendants argue that the plaintiffs' claims in redhibition pertaining to any defect concerning "propensity to flood" are subject to a one-year prescriptive period under La.

1

Civ. Code art. 2534 and have prescribed. The motion is based on the plaintiffs' allegations and admissions that they experienced repeated incidents of rising water on the property after they moved in prior to August 2006, when the plaintiffs first learned that the defendants had made a flood claim based on the intrusion of water into the house in 2001. Prior to the sale, the plaintiffs had been provided a property disclosure signed by the defendants in March 2006 in which the defendants stated that the land had previously had water-related problems that were remedied, but that no structure on the property had "ever taken water by flooding (rising water or otherwise)…" (Rec. Doc. 31, Exh. B).

The plaintiffs argue in opposition that they relied on the defendants' disclosures and that they were not put on notice that the house and property had the defect of "propensity to flood" until receiving written notification in August 2006 that a flood claim had been made in 2001. In reply, the defendants argue that the plaintiffs had sufficient notice as to call for inquiry about a claim when they began having water problems on the land prior to that date. In addition, the defendants argue that the plaintiffs were unreasonable in waiting for the August 2006 written advice of the existence of the 2001 flood claim to act in light of the water accumulations they experienced prior to that time. According to the defendants, the August 2006 letter only confirmed the defect, and that reasonable notice had been given before that date

based on the undisputed facts that the plaintiffs had water accumulation problems. The defendants also argue that susceptibility to flooding is not a redhibitory defect under extraordinary rainfall.[1]

The Court finds that the claims pertaining to the accumulation of water on the property have prescribed by virtue of the plaintiffs' candid admission that they experienced repeated similar problems prior to August 2006. However, the Court finds that the prescription issue with regard to the plaintiffs' claims involving the previous flooding of the house is one for the jury, and that a genuine issue of material fact exists as to when the plaintiffs had been put on notice of any defect with regard to the house's "propensity to flood."

Finally, the Court is unwilling to declare that a house's "propensity to flood" is or is not a redhibitory defect as a matter of law. The cases upon which the defendants' rely, *Strauss v. Latter & Blum Inc.*, 431 So.2d 9 (La. App. 4th Cir. 1983); and *Braydon v. Melancon*, 462 So.2d 262 (La. App. 1st Cir. 1984), both do distinguish between a house's susceptibility to flood, which is a redhibitory defect, and a house that flooded in

---

[1] In addition, the defendants maintain that two separate disclosure forms were completed, and that the one <u>not</u> received by the plaintiffs stated that water had previously "seeped" into the house. (Rec. Doc. 41, Exh. B). The defendants stated that they answered that the house had not taken on water because they did not believe the 2001 incident involving Tropical Storm Alison was a flood and that "[t]here was never any standing water of any depth in the house..." (Rec. Doc. 41, Exh. A).

extraordinary rainfall, which is not.  Those cases both involve a house that flooded after the sale, and neither involve an alleged affirmative misrepresentation by the seller.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendants SIRVA Relocation Company and Anne and Thomas Lestelle is DENIED.  (Rec. Doc. 31).

**The parties are urged to pursue amicable resolution of this matter.**

New Orleans, Louisiana, this 4th day of March, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE