UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD G. REDMAN, ET AL                    CIVIL ACTION

VERSUS                                     NO. 07-5706

ANNE FOLEY LESTELLE, ET AL                 SECTION"C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss for failure to state a

claim filed by the defendants SIRVA Relocation Company ("SIRVA").  Having

considered the record, the memoranda of counsel and the law, the Court has

determined that summary judgment is inappropriate for the following reasons.[1]

The plaintiffs, Donald G. Redman and Karen M. Redman (collectively "the

Redmans"),  purchased a house from SIRVA, a "relocation" company, after having an

offer accepted by the previous owners, Anne Foley Lestelle and Thomas E. Lestelle, Sr.

(collectively "the Lestelles").   In this removed diversity action, the plaintiffs sue SIRVA

_____

[1]        As argued by the plaintiffs, the Court does treat this motion, which refers
to material outside of the pleadings, as a motion for summary judgment.   In addition,
the Court will apply federal procedural law to the motion, not state law as argued by
SIRVA.

for breach of contract, fraud,, negligent misrepresentation and redhibition, based on the failure of SIRVA to disclose that the house had previously flooded in Hurricane Allison. This is the second dispositive motion filed by SIRVA. In its ruling on the first motion for summary judgment, the Court found "that the prescription issue with regard to the plaintiffs' claims involving the previous flooding of the house is one for the jury, and that a genuine issue of material fact exists as to when the plaintiffs had been put on notice of any defect with regard tot he house's 'propensity to flood.'" (Rec. Doc. 44, p. 3).[2] In addition, the Court was "unwilling to declare that a house's 'propensity to flood is or is not a redhibitory defect as a matter of law." *Id.*

In this motion, SIRVA argues that the only claim remaining is for diminution of value under redhibition. (Rec. Doc. 51, p. 2). In this motion, SIRVA argues that the plaintiffs fail to state a claim because it had no duty to give the plaintiffs any notice of the previous flooding of the house and, alternatively, any defect was apparent and therefore not redhibitory under Louisiana law. (Rec. Docs. 44, 51). Again, it argues that the undisclosed "seepage" of water into the house in 2001 does not constitute a vice or defect because it was the result of Tropical Storm Allison. SIRVA also argues that it did not have knowledge of any vice or defect, and that it made no warranties with

_____

[2] The Lestelles were also parties to that motion. They have since settled with the plaintiffs.

regard to the property, despite the receipt of the disclosure from the Lestelles and the fact that it positioned itself directly between the Lestelles and the plaintiffs with regard to the sale.

The plaintiffs oppose with the argument that the only property disclosure they received was one in which the Lestelles declared that the structure never took "water by flooding (rising or otherwise) and that, in the aftermath of Hurricane Katrina, would not have purchased the property if it had any history of flooding. (Rec. Doc. 44, Exh. 1; Rec. Doc. 45, Exh. 2). They also state that they did not know SIRVA was the "seller" of the property until the closing . (Rec. Doc. 44, Exh. 1).

Although the Court disagrees that the claims in this matter are limited to redhibition, "[i]n a redhibitory action, the plaintiff must prove that the thing sold contained a hidden defect which was not apparent by ordinary inspection, and which rendered the thing unfit for its intended use or so imperfect that the purchaser would not have bought it had he known." *Brannon v. Noe*, 569 So.2d 1086, 1088 (La. App. 3rd Cir. 1990). Redhibitory unfitness of this sort provides the buyer with the right to obtain rescission of the sale. *Royal v. Cook,* 984 So.2d 156, 161 (La. App. 4th Cir. 2008). See La. Civ. Code art. 2520. *A* redhibitory defect that diminishes the usefulness of the thing which leads to the presumption that the buyer would have bought it at a lesser price

entitles the buyer with a reduction in the purchase price.[3]  *Id.*

A house's susceptibility to flooding is a redhibitory defect.  *Smith v. Kennedy*, 392 So.2d 177, 178 (La. App. 2nd Cir. 1980).  Susceptibility is "used in the sense of propensity, proneness, or predisposition."  *Id.*

> In determining susceptibility to flooding, each circumstance of the particular case must be considered in relation to all other circumstances. Extraordinary rainfall may occur every few decades, but this circumstance, as it affects a particular house or subdivision, must be viewed likewise in comparison with its effect  on a more widespread area. Whether a residence is susceptible of flooding will be determined by  the peculiar circumstance of each case and not solely by the act of flooding."

*Id.*  Here, there is no dispute that flooding on the property surrounding the house continually threatened entry into the house before and after the sale.  Property flooding can be considered with regard to the determination whether a house has the propensity to flood as a redhibitory defect.[4]  *Moses v. Walker*, 715 So.2d 596 (La. App. 3rd Cir. 1998). In this regard, despite the property flooding, it was not until August 2006, that the plaintiffs first learned that the Lestelles  had made a flood claim based on the intrusion of water into the house in 2001.  The Court finds that genuine issues of material fact

---

[3]    The parties are advised to familiarize themselves with the scope and limitations of awards in redhibition as they may affect the scope of any award for the other claims at issue.

[4]    This is a distinct issue from any redhibitory vice encompassed from the flooded property alone, which was disclosed and which  the plaintiffs do not allege.

remains as to whether the house had a redhibitory propensity to flood under all of the circumstances and when the plaintiffs had been put on notice of any defect with regard thereto.

Under Fed. R. Civ. P. 56, a party is entitled to summary judgment only if there is no genuine issue of material fact when facts are viewed in the light most favorable to the non-moving party and all inferences are drawn in non-moving party's favor. See, e.g., *Kimberly-Clark v. Factory Mutual Insurance Co.*, 566 So.2d 541 (5th Cir 2009). SIRVA's motion appears to be based in part on the apparent assumption that the "only remaining claim" is one for diminution in value. (Rec. Doc. 51, p. 2.). In this regard, SIRVA assumes that a single flooding of a house can never constitute a redhibitory defect, which is not supported by this Court's reading of *Smith*, upon which SIRVA so heavily relies.

In addition, the facts surrounding SIRVA's entrance into the transaction between the plaintiffs and the Lestelles is far from established. No written contract outlining the obligations and rights as between the Lestelles and SIRVA is provided other than the cash sale of the property. At the heart of this dispute is the undisputed fact that SIRVA did not provide the plaintiffs with the Lestelle disclosure as to water "seepage" into the house after it imposed itself into the transaction between the plaintiffs and the Lestelles.

The undisputed facts remain that SIRVA received a disclosure from the Lestelles that disclosed water "seepage" in the house, that SIRVA did not provide this disclosure to the plaintiffs, and that the property itself repeatedly flooded even under non-extraordinary circumstances.  It is also undisputed that this disclosure of the 2001 house flood would have undermined the closing, whether or not SIRVA was aware of that fact.   The  Court notes that any suggestion that a house's history of flooding was not relevant to its value  in the immediate post-Katrina housing market may be disingenuous.

Accordingly,

IT IS ORDERED that the motion to dismiss for failure to state a claim  filed by the defendants SIRVA Relocation Company, treated as a motion for summary judgment, is DENIED.  (Rec. Doc. 45).

**The parties are urged to pursue amicable resolution of this matter.**

 New Orleans, Louisiana, this 29th day of June, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE